## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL GREENFIELD, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 18-cv-1190-F |
| vs. ) | |
| ) | |
| WILLIAM HOCKER, Individually ) | |
| and as Agent of AJS EXPRESS, LLC ) | |
| and AJS EXPRESS, LLC a Foreign For- ) | **ATTORNEY LIEN CLAIMED** |
| Profit Company, WILLIAM HOCKER, ) | **JURY TRIAL DEMANDED** |
| Individually and as Agent of AJS ) | |
| XPRESS, LLC and AJS XPRESS, LLC ) | |
| a Foreign For-Profit Company, ) | |
| WILLIAM HOCKER, Individually ) | |
| and as Agent of JACK RUST d/b/a RUST ) | |
| TRUCKING and JACK RUST d/b/a ) | |
| RUST TRUCKING, C.H. ROBINSON ) | |
| WORLDWIDE, INC. a Foreign For ) | |
| Profit Company HUSTLER TURF ) | |
| EQUIPMENT, Inc. a Foreign For ) | |
| Profit Company ) | |
| ) | |
| **Defendants.** ) | |

### SECOND AMENDED COMPLAINT

**COMES NOW,** the Plaintiff, Michael Greenfield, by and through his attorney of record, Mark S. Stanley, of Stanley & Morgan, and for his cause of action against the Defendants, alleges and states as follows, to wit:

### JURISDICTION

1. Plaintiff hereby files his Amended Complaint pursuant to the Court's Order granting Leave to Amend May 6, 2019.

2. That at all times hereinafter mentioned, the Plaintiff was and is a resident of Payne County, State of Oklahoma.

3.   That at all times hereinafter mentioned, the Defendant, William Hocker, (hereinafter "Hocker") was and is a resident of Springfield, Missouri.

4.   That at all times hereinafter mentioned the Defendant, AJS Express, LLC, (hereinafter "AJS") was and is a foreign for-profit limited liability company organized in in the State of Missouri and doing business in the State of Oklahoma and in Payne County.

5.   That at all times hereinafter mentioned the Defendant, AJS Xpress, LLC, (hereinafter "Xpress") was and is a foreign for-profit limited liability company organized in in the State of Missouri and doing business in the State of Oklahoma and in Payne County.

6.   That at all times hereinafter mentioned the Defendant, C.H. Robinson Worldwide, Inc., (hereinafter "C.H. Robinson") was and is a foreign for-profit corporation incorporated in Delaware with a principal place of business in Minnesota and doing business in the State of Oklahoma and in Payne County.

7.   That at all times hereinafter mentioned the Defendant, Jack Rust d/b/a Rust Trucking, (hereinafter "Rust") was and is a citizen of the State of Missouri and doing business in the State of Oklahoma and in Payne County.

8.   That at all times hereinafter mentioned the Defendant, Hustler Turf Equipment, Inc., (hereinafter "Hustler") was and is a foreign for-profit corporation incorporated in the State of Kansas and doing business in the State of Oklahoma and in Payne County.

9.   That this action arises out of an assault and battery which occurred in Payne County, State of Oklahoma, and this Court has jurisdiction of the parties hereto and the subject matter hereof.

10.   That the Plaintiff's damages are in excess of the jurisdictional amount required for diversity jurisdiction as required by 28 U.S.C. § 1332.

## FACTS

Plaintiff incorporates paragraphs one through ten as if pled herein.

11.   Plaintiff owns a lawn mower and small engine sales and repair shop in Cushing Oklahoma.

12.   Since 2004, Plaintiff has made annual purchases from Hustler of various models of Hustler lawn mowers for resale to Plaintiff's customers.

13.   During the fifteen plus years that Plaintiff has purchased Hustler lawn mowers from Hustler, Hustler has caused the mowers to be delivered to Plaintiff by parties and under terms and conditions arranged for by Hustler. All contact, orders, shipments, problems with shipments damages to products during shipments, credits and warranty work were all handled by the sales representative for Hustler.

14.   In late 2016, Plaintiff and the sales representative for Hustler met to finalize Plaintiff's 2017 order of lawn mowers from Hustler.

15.   On June 6, 2017 Hustler hired C.H. Robinson to deliver Hustler's lawnmowers to Plaintiff.

16.   That at the direction of Hustler, C.H. Robinson employed Rust, AJS, and/or Xpress, to deliver Hustler's lawnmowers to Plaintiff in furtherance of Hustler and C.H. Robinson's business.

17.   That Rust owns and operates, AJS and Xpress.

18.   On June 6, 2017, Hocker who was employed by Rust, AJS and Xpress was directed to deliver Hustler lawn mowers to Plaintiff on behalf of Hustler and C.H. Robinson.

19.  When Hocker arrived at Plaintiff's shop, Greenfield Mechanical, on January 6, 2017 to deliver the lawn mowers it was approximately 12:30 p.m. Plaintiff and his son were on their way to lunch.

20. Plaintiff told Hocker that Hocker could unload the Rust, AJS and Xpress truck upon Plaintiff's return from lunch.

21.  Hocker advised that he would wait by taking a nap in the Rust, AJS and Xpress truck.

22.  Upon Plaintiff's return Plaintiff and his son went back to work.

23.  At approximately 3:00 p.m. Hocker awoke.

24.  Hocker went into Greenfield Mechanical upset that Plaintiff did not wake Hocker up.

22.  Hocker became confrontational, shoved Plaintiff and broke the door to Greenfield Mechanical as he left.

23.  Hocker is easily angered and short tempered.

24.  Rust, AJS and Xpress knew or should have known when they hired, retained, and supervised Hocker that there was an undue risk Hocker would become physically confrontational when he angered.

25.  Rust, AJS and Xpress failed to train Hocker to deliver products to customers in a way that does not result in physical violence.

26.  Plaintiff's son, hearing the confrontation, followed Hocker outside and took a photo of Hocker's truck.

27.  The name AJS Express is painted on the side of the Truck along with USDOT number 2528957 and MC number 9336352.  (MC number or Motor Carrier Number identifies a Carrier Transporting regulated commodities in Interstate Commerce).

4

28. USDOT number 2528957 and MC number 9336352 are registered to Xpress, and Rust and Xpress share the same business location, 1906 White Oak Road Rogersville, MO 65742.

29. Hocker then turned around and began to approach Greenfield Mechanical a second time.

30. Plaintiff's son attempted to lock the door but was unable to due to the damage previously done by Hocker.

31. When Hocker reentered the premises he asked Plaintiff if he would unload the lawn mowers from the Rust, AJS and Xpress truck.

32. Plaintiff asked if Hocker would be nice.

33. Hocker's response was to again become confrontational cussing at Plaintiff and shoving Plaintiff with such force that it knocked Plaintiff off his feet causing injury to Plaintiff.

## FIRST CAUSE OF ACTION

### Assault and Battery

Plaintiff incorporates paragraphs one through thirty-three as if pled herein.

34. That on or about January 6, 2017 Hocker did assault and batter Plaintiff by shoving Plaintiff with such force that Plaintiff was knocked off his feet and injured.

35. That as a direct and proximate result of the assault and battery of the Plaintiff by Hocker, Plaintiff has incurred medical bills and will incur further medical expenses together with physical emotional pain and suffering.

## SECOND CAUSE OF ACTION

### Respondent Superior

Plaintiff incorporates paragraphs one through thirty-five as if pled herein.

36.   That Defendant Hocker at all times herein, was in the course and scope of his employment with Defendant, AJS and pursuant to the doctrine of respondent superior Defendant AJS is responsible for Defendant Hocker's actions.

37.   That Defendant Hocker at all times herein, was in the course and scope of his employment with Defendant, Xpress and pursuant to the doctrine of respondent superior Defendant Xpress is responsible for Defendant Hocker's actions.

38.   That Defendant Hocker at all times herein, was in the course and scope of his employment with Defendant, Rust and pursuant to the doctrine of respondent superior Defendant Rust is responsible for Defendant Hocker's actions.

39.   That as a direct and proximate result of the assault and battery of the Plaintiff by Hocker, Plaintiff has incurred medical bills and will incur further medical expenses together with physical emotional pain and suffering for which Rust, AJS and Xpress are liable.

## THIRD CAUSE OF ACTION

### Negligent hiring, training & retention

Plaintiff incorporates paragraphs one through thirty-nine as if pled herein.

40.   AJS, negligently hired, retained, trained and supervised Hocker.

41.   Xpress, negligently hired, retained, trained and  supervised Hocker

42.   Rust, negligently hired, retained, trained and  supervised Hocker.

43.   Rust, AJS and Xpress owed a duty to prohibit Hocker from striking and injuring individuals while making deliveries.

44. That as a direct and proximate result of the assault and battery of the Plaintiff by Hocker, and negligence of all Defendants acting separately or together the Plaintiff has incurred medical bills and will incur further medical expenses together with physical emotional pain and suffering.

**FOURTH CAUSE OF ACTION**

**Vicarious Liability**

Plaintiff incorporates paragraphs one through forty-four as if pled herein.

45. Hustler is the owner of the lawn mowers that AJS, Xpress, Rust and/or Hocker were delivering to Plaintiff's store. Hustler exercises sufficient control over the activities of C.H. Robinson, AJS, Xpress and/or Rust and therefore of Hocker, to also be vicariously liable and directly liable for the injuries to Plaintiff.

46. Defendant C.H. Robinson is the owner of the lawn mowers that AJS, Xpress, Rust and/or Hocker were delivering to Plaintiff's store. C.H. Robinson exercises sufficient control over the activities of AJS, Xpress and/or Rust and therefore of Hocker, to also be vicariously liable and directly liable for the injuries to Plaintiff.

47. That as a direct and proximate result of the assault and battery of the Plaintiff by Hocker, and negligence of all Defendants acting separately or together the Plaintiff has incurred medical bills and will incur further medical expenses together with physical emotional pain and suffering.

## FIFTH CAUSE OF ACTION

### Punitive Damages

Plaintiff incorporates paragraphs one through forty-seven as if pled herein.

48.  That all of the Defendants conduct separately of acting together created a substantial risk to the public and is such to allow for punitive damages.

**WHEREFORE** premises considered, Plaintiff prays that this Court enter a judgment against the Defendants in an amount exceeding the jurisdictional limits for diversity jurisdiction as listed in 28 U.S.C. § 1332, together with interests, costs, a reasonable attorney's fee, and punitive damages.

Respectfully submitted,

/s/ Mark Stanley
Mark S. Stanley, OBA#11528
1516 South Boston Avenue
Suite 116
Tulsa, OK  74119
Office:  (918) 584-2450
Facsimile:  (918) 584-2430
*Attorney for the Plaintiff*