IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL GREENFIELD, )
)
    Plaintiff, )
)
-vs- ) Case No. CIV-18-1190-F
)
WILLIAM HOCKER, Individually )
and as Agent of AJS EXPRESS, LLC )
and AJS EXPRESS, LLC, a Foreign )
For-Profit Company, WILLIAM )
HOCKER, Individually and as Agent )
of AJS XPRESS, LLC, and AJS )
XPRESS, LLC, a Foreign For-Profit )
Company, WILLIAM HOCKER, )
Individually and as Agent of JACK )
RUST d/b/a RUST TRUCKING, and )
JACK RUST d/b/a RUST )
TRUCKING, C.H. ROBINSON )
WORLDWIDE, INC., a Foreign For- )
Profit Company, HUSTLER TURF )
EQUIPMENT, INC., a Foreign For- )
Profit Company, )
)
    Defendants. )

## **ORDER**

Before the court are the following motions:

- Defendant AJS Xpress, LLC's Partial Motion to Dismiss for Failure to State a Claim (doc. no. 58)
- Defendant Jack Rust d/b/a Rust Trucking's Partial Motion to Dismiss for Failure to State a Claim (doc. no. 59)

- Defendant C.H. Robinson Worldwide, Inc.'s Motion to Dismiss for Failure to State a Claim (doc. no. 63)
- Defendant Hustler Turf Equipment, Inc.'s Motion to Dismiss for Failure to State a Claim (doc. no. 64)

Background

This action arises out of the assault and battery upon plaintiff, Michael Greenfield (Greenfield), by defendant, William Hocker (Hocker), on January 6, 2017. According to the Second Amended Complaint, the assault and battery occurred when Hocker delivered lawnmowers purchased from defendant, Hustler Turf Equipment, Inc. (Hustler), to Greenfield's store in Cushing, Oklahoma.

The Second Amended Complaint specifically alleges that "Hustler hired [defendant, C.H. Robinson Worldwide, Inc. (C.H. Robinson)] to deliver Hustler's lawnmowers to [Greenfield];" "at the direction of Hustler, C.H. Robinson employed [defendants, Jack Rust, d/b/a Rust Trucking (Rust)],[AJS Express, LLC (AJS)], and/or [AJS Xpress, LLC (Xpress)], to deliver Hustler's lawnmowers to [Greenfield] . . .;" "Rust owns and operates, AJS and Xpress;" "Hocker . . . was employed by Rust, AJS and Xpress [and] was directed to deliver Hustler['s lawnmowers] to [Greenfield] on behalf of Hustler and C.H. Robinson;" "[during delivery], Hocker became confrontational, shoved [Greenfield] and broke the door to [Greenfield's store] as he left;" "Hocker reentered the premises . . . [and] again [became] confrontational cussing at [Greenfield] and shoving [Greenfield] with such force that it knocked [Greenfield] off his feet causing injury . . .;" "Hocker is easily angered and short tempered;" and "Rust, AJS and Xpress knew or should have known when they hired, retained, and supervised Hocker that there was an undue risk Hocker would become physically confrontational when he [was] angered." Doc. no. 57, ¶¶ 15, 16, 17, 18, 22, 23, 24, 31, and 33.

Greenfield alleges a claim against Hocker for assault and battery (First Cause of Action), claims against AJS, Xpress and Rust for respondeat superior liability (Second Cause of Action) and negligent hiring, training and retention (Third Cause of Action) and claims against C.H. Robinson and Hustler for vicarious liability and direct liability (Fourth Cause of Action). Xpress, Rust, C.H. Robinson and Hustler have filed motions under Rule 12(b)(6), Fed. R. Civ. P., challenging one or all of the claims alleged against them.

Hustler

In its motion, Hustler challenges both the vicarious liability and direct liability claims alleged against it. Hustler contends that dismissal of the vicarious liability claim is warranted because the Second Amended Complaint is devoid of any allegation that Hocker was an employee or agent of Hustler at the time he assaulted and battered Greenfield and is devoid of any facts to support the conclusory allegation that Hustler exercised sufficient control of C.H. Robinson, AJS, Xpress and Rust, to be vicariously liable for their alleged employee's misconduct. In addition, Hustler asserts that the direct liability claim is subject to dismissal because the conclusory allegation that it exercised sufficient control of C.H. Robinson, AJS, Xpress and Rust, is not adequate to support Hustler's liability for Greenfield's misconduct.

Greenfield has not responded to Hustler's motion within the time required by the court's Local Civil Rules, specifically, Rule 7.1(g). In accordance with that local rule, the court, in its discretion, deems Hustler's motion as confessed. Upon review of the confessed motion, the court concludes that dismissal of the Second Amended Complaint against Hustler is appropriate. The Second Amended Complaint fails to state a plausible claim of vicarious liability or direct liability against Hustler. The Rule 12(b)(6) motion of Hustler will therefore be granted. Because there is no indication that the deficiencies of the Second Amended Complaint can be cured with

3

leave to amend and plaintiff has not sought leave to amend his Second Amended Complaint, the court shall dismiss the Second Amended Complaint against Hustler with prejudice under Rule 12(b)(6).

C.H. Robinson

Like Hustler, C.H. Robinson also challenges both the vicarious liability and direct liability claims alleged against it. C.H. Robinson contends that the Second Amended Complaint is devoid of any allegation that Hocker was an employee or agent of C.H. Robinson and is devoid of any facts that would demonstrate C.H. Robinson exercised any control over AJS, Xpress and Rust so as to subject it to vicarious liability for Hocker's misconduct. It also argues that the allegations of the Second Amended Complaint are insufficient to establish direct liability for Hocker's misconduct.

Greenfield, in response, argues that C.H. Robinson waived any challenge under Rule 12(b)(6) by answering the previous amended complaint. He points out that the Second Amended Complaint was filed based upon a Rule 12(b)(6) motion filed by Xpress. In any event, he argues that the Second Amended Complaint contains allegations sufficient to support a vicarious liability claim against C.H. Robinson.

In reply, C.H. Robinson asserts that the Tenth Circuit has not addressed whether the filing of an amended complaint revives the right of a defendant that answered a previous complaint to seek dismissal of the amended complaint under Rule 12(b)(6). In any event, C.H. Robinson contends that the court may treat its motion as one filed under Rule 12(c), Fed. R. Civ. P. C.H. Robinson asserts that Greenfield has not addressed the direct liability claim in his response. It also argues that Greenfield has not identified any authority which would allow him to assert a vicarious liability claim based upon the allegations set forth in the Second Amended

4

Complaint. There are no allegations, C.H. Robinson asserts, to establish that it was Hocker's master.

Upon review, the court declines to conclude that C.H. Robinson has waived its right to challenge the Second Amended Complaint under Rule 12(b)(6) by previously answering the Amended Complaint. Greenfield has not cited any authority to support its waiver argument and the court declines to advocate the issue on his behalf. The court notes, however, that C.H. Robinson raised failure to state a claim as a defense to the Amended Complaint and would be permitted to raise the defense of failure to state a claim as to the Second Amended Complaint by motion under Rule 12(c), Fed. R. Civ. P., which has the same standard of review as a Rule 12(b)(6) motion. *See*, Rule 12(h), Fed. R. Civ. P.; Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

The court agrees with C.H. Robinson that the Second Amended Complaint fails to state a plausible claim of direct liability against it. In response to C.H. Robinson's motion, Greenfield has not addressed the direct liability claim. Further, Greenfield has not sought leave to amend his pleading as to the direct liability claim. Because the allegations of the Second Amended Complaint are insufficient to support a direct liability claim against C.H. Robinson, the court finds that the claim is subject to dismissal with prejudice under Rule 12(b)(6).

As to the vicarious liability claim, the court concludes that the allegations are sufficient (albeit barely) to state a plausible claim against C.H. Robinson. "Vicarious liability is based on a relationship between the parties irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined by a matter of policy that one person should be liable for the act of the other." Memorial Lawn Cemeteries Ass'n, Inc. v. Carr, 540 P.2d 1156,1158 (Okla. 1975). It may be based upon a relationship between servant and master or an agent and principal. Sisk v. J.B. Hunt Transport, Inc., 81 P.3d 55, 58

n. 15 (Okla. 2003). In the case at bar, the allegations of the Second Amended Complaint suggest the existence of an agency relationship between C.H. Robinson and Rust, AJS or Xpress and the existence of an employment relationship between Hocker and Rust, AJS and Xpress, at the relevant time. Responsibility for an agent's injury to third parties may be placed on the party that hires, directs and controls the agent. *See*, Thornton v. Ford Motor Co., 297 P.3d 413, 419 (Okla. Civ. App. 2012) (citing Price v. TLC Health Care Inc., 85 P.3d 838, 841 (Okla. 2004)). Therefore, the court concludes that the vicarious liability claim survives dismissal under Rule 12(b)(6). All of this seems likely to warrant another look at the summary judgment stage.

Xpress and Rust

In their motions, Xpress and Rust challenge the negligent hiring, training, and retention claim alleged against them. Both argue that the factual allegations of the Second Amended Complaint are insufficient to show that they had prior knowledge of Hocker's "propensity to commit the very harm for which damages are sought." N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (1999) (citations omitted).

Under Oklahoma law, "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee." N.H., 998 P.2d at 600 (citations omitted). Liability is appropriate, "if—at the critical time of the tortious incident—, the employer had reason to believe that the person would create an undue risk of harm to others." *Id*. (citations omitted). As recognized by Xpress and Rust, the employer is held liable for its "prior knowledge of the servant's propensity to commit the very harm for which damages are sought." *Id*. (citations omitted).

Upon review, the court concludes that the allegations of the Second Amended Complaint are sufficient (albeit barely) to state a plausible claim of negligent hiring, training and retention against Xpress and Rust. The court therefore concludes that

6

the negligent hiring, training and retention claim survives dismissal under Rule 12(b)(6).

Conclusion

Based upon the foregoing, Defendant AJS Xpress, LLC's Partial Motion to Dismiss for Failure to State a Claim (doc. no. 58) is **DENIED**; Defendant Jack Rust d/b/a Rust Trucking's Partial Motion to Dismiss for Failure to State a Claim (doc. no. 59) is **DENIED**; Defendant C.H. Robinson Worldwide, Inc.'s Motion to Dismiss for Failure to State a Claim (doc. no. 63) is **GRANTED in part** and **DENIED in part**; and Defendant Hustler Turf Equipment, Inc.'s Motion to Dismiss for Failure to State a Claim (doc. no. 64) is **GRANTED**.

Plaintiff, Michael Greenfield's direct liability claim against defendant, C.H. Robinson Worldwide, Inc. and plaintiff, Michael Greenfield's vicarious liability and direct liability claims against defendant, Hustler Turf Equipment, Inc., are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6), Fed. R. Civ. P.

IT IS SO ORDERED this 16th day of July, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-1190p008 rev_.docx